UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

WILLIE DEE DAVIS                          )
                                          )    No. 1:02-cr-151/1:10-cv-81
v.                                        )    *Chief Judge Curtis L. Collier*
                                          )
UNITED STATES OF AMERICA                  )

**<u>MEMORANDUM</u>**

Willie Dee Davis ("Davis") has filed a *pro se* motion for post-conviction relief pursuant to

28 U.S.C. § 2255 (Criminal Court File No. 307).[1]  Although Davis has labeled his motion and

supporting brief in a convoluted manner—as a *nunc pro tunc* motion and as a motion to vacate his

conviction—the Court discerns he is filing a motion to vacate his conviction and sentence as he is

challenging his conviction primarily on jurisdictional grounds.  In addition, the Court lacks

jurisdiction to make the requested ruling under *nunc pro tunc* principles.[2]  *United States v.*

---

[1]      Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2]      The Court observes Davis titled his motion "Defendant's Motion to Compel the Government to Show Cause To His Nunc Pro Tunc Motion To Sua Sponte [sic] This Court To Vacate His Conviction Due To The Jurisdictional Error Defects Involved" and his supporting memorandum "Defendants Nunc Pro Tunc Motion with [A] Retroactive Legal Effect through This Court's Inherent Power to <u>Sua</u> <u>Sponte</u> Vacate His Conviction as <u>Void</u> <u>ab</u> <u>initio</u> Due To The Jurisdictional Defects Involved." *Nunc pro tunc* translates to "now for then." "Now," more than six years after he was originally sentenced, Davis argues the Court lacked jurisdiction over his case "then" and asks the Court to relieve him from his conviction and sentence.  Although a district court has jurisdiction to enter a *nunc pro tunc* order to modify the record to accurately reflect what actually happened in the proceedings, *see United States v. Perez*, 151 F3d. Appx. 773, 774-75 (11th Cir. 2005), *available in* 2005 WL 2270869, such is not the case before the Court.  Davis does not argue that the record incorrectly reflects what the Court did or found, but rather, he is arguing the Court lacked jurisdiction and is attacking his conviction and sentence.  Unfortunately for Davis, this is not the kind of "now for then" exchange which the *nunc pro tunc* doctrine permits.  Davis' reliance on the *nunc pro tunc* principle is inappropriate in this case and offers him no relief as the Court does not have jurisdiction to provide him the requested relief under *nunc pro tunc* principles.

*Hitchmon*, 587 F2d 1357, 1360 (5th Cir. 1979) (under *nunc pro tunc* principles courts only have authority to supply omissions in the record of what was actually done in the cause at a former time).

After reviewing the record, the Court concludes Davis' § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED** (Criminal Court File No. 307).

## I.      Introduction

After entering a guilty plea, Davis received a 480 month sentence.  Davis challenges his sentence and conviction claiming the Court lacked jurisdiction over his federal criminal case because he did not provide his written consent in open court to remove his criminal drug offense from state court to federal court; the indictment failed to charge a federal drug offense; and the government deliberately delayed indicting him for twelve years in order to obtain a tactical advantage "of his predisposition to criminal activity[.]" (Criminal Court File No. 307).

## II.     Timeliness

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.  See 28 U.S.C. § 2255.  Davis was sentenced to a term of imprisonment for 480 months on March 7, 2003 (Criminal Court File Nos. 116, 123).  Davis did not pursue a direct appeal.  Davis' judgment was entered on March 26, 2003, and he had ten (10) days, until April 9, 2003, to file a notice of appeal.  When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired.  *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004).  Therefore, the one-year statute of limitations began to run on April 10, 2003, the day after the expiration of the time for filing a notice of appeal.

Davis had one year from the time his judgment of conviction became final to file his

§ 2255 motion. April 9, 2003, was the date Davis' right to file an appeal expired. Thus, Davis was

required to file his § 2255 motion on or about April 9, 2004. A motion filed by a prisoner is deemed

filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997),

(citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). The record reflects Davis gave the motion

to the prison authorities for mailing on April 21, 2010, more than six years after the expiration of

the one-year statute of limitation for filing his § 2255 motion. Therefore, Davis' motion is treated

as filed on April 21, 2010. Consequently, Davis' § 2255 motion is time-barred by the statute of

limitations and will be **DISMISSED** (Criminal Court File No. 307).

An appropriate judgment will enter.


**/s/**  _____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**